UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LEROY PEOPLES,

              Plaintiff,

    v.

IRA A. MARGULIS, MELINDA KATZ,

              Defendants.

**MEMORANDUM AND ORDER**
23-cv-5185 (HG) (LB)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff LeRoy Peoples, who is incarcerated at Clinton Correctional Facility, filed this *pro se* complaint on June 28, 2023, alleging that Justice Ira A. Margulis of the Queens County Supreme Court and Melinda Katz, the Queens County District Attorney, violated his constitutional rights under 42 U.S.C. § 1983. Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). ECF No. 2 (Motion for Leave to Proceed IFP). Plaintiff's request to proceed IFP is granted pursuant to 28 U.S.C. § 1915, but, for the reasons discussed below, this action is hereby dismissed *sua sponte*.

## BACKGROUND

    Plaintiff is currently incarcerated pursuant to a judgment of conviction in Queens County Supreme Court. ECF No. 1 (Complaint) at 5.[1] He states that he submitted an application to review his conviction to the Queens County Conviction Integrity Unit of the Queens County District Attorney's Office ("C.I.U.") in approximately April 2020. *Id.* He claims: "Petitioner[']s application has been pending for 3 yrs. in which I claim I am wrongfully

---

[1] As the Complaint includes addenda that are not consecutively paginated, the Court refers to the pages assigned by the Electronic Case Filing System.

convicted of two counts of rape in the first degree as a[n] armed felony offense. . . . Petitioner asserts in this Section 1983 that he is entitled to documentary evidence from the Queens Co. D.A. Office/C.I.U. of Count six of Indict. # 2103-2003 which shows that the evidence[] was a[n] inoperable BB gun." *Id.*

Plaintiff alleges that Justice Margulis "is denying me due process of law and denying me access to the court" because Plaintiff "is procedurally barred from submitting any *pro se* post-conviction CPL 440.10/440.20 motions." *Id.* at 7. Plaintiff asserts that Justice Margulis "has yet to respond to my request for leave, nor has he used his Judicial authority to appoint counsel to investigate my claims." *Id.* at 8. Plaintiff requests "a hearing before Judge Margulis . . . [a]nd that the procedural bar[] . . . be revoke[d] to allow petitioner to pursue post-conviction remedies." *Id.*

Plaintiff alleges that Defendant Katz, who established the C.I.U., is denying him "Due Process of Law in withholding criminal evidence under Queens Co. Indict. # 2103-2003." *Id.* at 5. Plaintiff requests "[i]njunctive relief to be provided documents" related to Count Six of the Indictment, "pre-indictment prosecutorial and police investigative documents from 1998 to 2003," and "declaratory relief reminding C.I.U. of its duties." *Id.* at 5–6. Plaintiff states that he "would like defendant Katz to order him a hearing before Judge Margulis expeditiously, on the merits of his C.I.U. application." *Id*. at 6.

Plaintiff specifically asserts that his "claim to entitlement of this documentary evidence is not deemed a challenge to his conviction or sentence and is not barred" because he plans to use the documents "to pursue claims in state court for denial of constitutional right to speedy trial and pre-indictment delay pursuant to NYS precedent." *Id.* at 5–6. He argues that his request for the documents is not to be construed as an attack on his conviction or sentence "because,

although these documents will show that rape in the first degree is not a[n] armed felony, this would not negate petitioner's guilt for rape." *Id.*

Plaintiff attaches letters he received from the Queens County District Attorney's Office stating that the C.I.U. cannot provide case updates. *Id.* at 11, 13. He also attaches a May 30, 2023, letter addressed to Justice Margulis, in which Plaintiff requests leave to submit a motion pursuant to New York's Criminal Procedure Law Section 440.10. *Id.* at 12.

Plaintiff has previously sought relief from this conviction in this Court by filing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Peoples v. Rivera*, 06-cv-3070 (E.D.N.Y. July 31, 2008) (petition denied on the merits); *Peoples v. Colvin*, 17-cv -1272 (E.D.N.Y. Nov. 9, 2018) (petition dismissed as time-barred). On June 26, 2023, Plaintiff filed a new petition pursuant to 28 U.S.C. § 2254 challenging parole decisions related to his post-release supervision. *Peoples v. NYS BOP Chairman*, 23-cv-4854 (E.D.N.Y.). That petition was denied and the case was dismissed on October 2, 2023.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[2] Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint "must be held to less stringent

---

[2] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

Despite this leniency afforded to *pro se* plaintiffs, multiple statutes require the Court to review *sua sponte* the merits of complaints filed by prisoners seeking leave to proceed IFP. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). "Section 1915 governs proceedings *in forma pauperis*, while § 1915A applies to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid a filing fee." *Id.* (citing 28 U.S.C. §§ 1915, 1915A). When a plaintiff seeks permission to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). When a prisoner files a civil action against "a governmental entity or officer or employee of a governmental entity," the Court must "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a), (b). The Second Circuit has recognized that the criteria described in these two statutes provide "identical grounds for dismissal." *Abbas*, 480 F.3d at 639.

Courts must be careful when reviewing complaints submitted by plaintiffs seeking IFP status "not to conflate easy cases with inarguable or fanciful ones, as only the latter warrant dismissal" as frivolous. *Alvarez v. Garland*, 33 F.4th 626, 637 (2d Cir. 2022). The Court

4

therefore may not dismiss a complaint filed by a plaintiff proceeding IFP, pursuant to 28 U.S.C. § 1915(e), "simply because the [C]ourt finds the plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court may, however, dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," and the Court need not restrict itself to facts capable of judicial notice when reaching that conclusion. *Id.* Dismissal pursuant to 28 U.S.C. § 1915A is inappropriate "whenever a liberal reading of the complaint gives any indication that a valid claim might be stated." *Schlosser v. Kwak*, 16 F.4th 1078, 1081 (2d Cir. 2021).

## DISCUSSION

### A.    Judicial Immunity

Plaintiff alleges that Justice Margulis violated his rights to due process and access to the courts because he procedurally barred Plaintiff from filing additional post-conviction motions in state court and because he has not appointed Plaintiff counsel. ECF No. 1 at 7.

Judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13. This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.*, at 11–12. The Federal Courts Improvement Act of 1996 extends judicial immunity by providing that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or

5

declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983).

In this case, Plaintiff asks this Court to issue an injunction requiring Justice Margulis to "use[] his judicial authority" to appoint counsel, give him access to documents and hearings, and lift a procedural bar to filing additional post-conviction motions. ECF No. 1 at 8. These are judicial acts within Justice Margulis's judicial capacities. Plaintiff has not alleged that a declaratory decree was violated or that he is unable to seek declaratory relief through the state courts. Accordingly, all the claims against Justice Margulis are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

### B. Request for Documents from the Conviction Integrity Unit

Plaintiff alleges that Defendant Katz violated his constitutional rights by not giving him documents related to his 2005 conviction and by allowing the C.I.U. to leave his application for reconsideration pending for approximately three years. As an initial matter, Plaintiff's claims against Melinda Katz are not procedurally barred.

First, because Plaintiff seeks only prospective injunctive and declaratory relief, his claim is not barred by prosecutorial immunity. *See Li v. Lorenzo*, 712 F. App'x 21, 23–24 (2d Cir. 2017) (noting that prosecutors are not immune from suits seeking certain injunctive and declaratory relief); *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) ("[A] plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective injunctive relief from violations of federal law."). Second, although a federal writ of habeas corpus is the "exclusive remedy" for a prisoner who "seeks immediate or speedier release from confinement," in situations where a "prisoner's claim would not necessarily spell speedier release . . . suit may be brought under § 1983." *Skinner v.*

6

*Switzer*, 562 U.S. 521, 525 (2011). Here, because success for Plaintiff in procuring the documents that he seeks would only give him "access to . . . evidence, which may prove exculpatory, inculpatory, or inconclusive" and will not "necessarily imply the unlawfulness of the State's custody," his suit is appropriately brought under § 1983. *Id.*; *see also Caswell v. Green*, 424 F. App'x 44, 45 (2d Cir. 2011) (holding that a prisoner who sought access to exhibits admitted at his trial had appropriately brought suit under § 1983 even if success in obtaining the evidence "might well make it more likely that [he], in a subsequent proceeding, may eventually be able to make a showing that his conviction and sentence were unlawful, and even if [his] ultimate motive is to challenge his conviction").

Although Plaintiff's claims against Defendant Katz are not procedurally barred, they must be dismissed because Plaintiff fails to state a cognizable claim. Plaintiff argues that he has a constitutional right to the documents he seeks because they will aid him in his "post-conviction avenues for relief." ECF No. 1 at 6. However, the Supreme Court has rejected the idea that there is a "freestanding . . . constitutional right of access" to potentially exculpatory evidence post-conviction. *Dist. Atty's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 73–74 (2009); *see also Gonzalez v. Vance*, No. 13-cv-498, 2014 WL 787853, at *3 (S.D.N.Y. Feb. 27, 2014) (interpreting *Osborne*); *McCollough v. Hale*, No. 15-cv-691, 2015 WL 7281643, at *3 (E.D.N.Y. Nov. 17, 2015) ("Courts in this Circuit have [] held that there is no substantive due process right to access documents in the government's possession that could be germane to the question of guilt or innocence."). While a prisoner may retain a state-created "liberty interest in demonstrating his innocence with new evidence under state law[,] . . . [a] criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man. *Osborne*, 557 U.S. at 68. Rather, "[t]he state . . . has more flexibility in deciding what procedures are

needed in the context of postconviction relief. When a State chooses to offer help to those seeking relief from convictions, due process does not dictate the exact form such assistance must assume." *Id.* at 69.

Accordingly, in reviewing allegations of a post-conviction due process violation, courts must look at "whether consideration of [petitioner's] claim within the framework of the State's procedures for postconviction relief offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, or transgresses any recognized principle of fundamental fairness in operation." *Osborne*, 557 U.S. at 69. And, "the lower federal courts are to defer to the judgment of state legislatures concerning the process due prisoners seeking evidence for their state court post-conviction actions." *McKithen v. Brown*, 626 F.3d 143, 153 (2d Cir. 2010); *see also Osborne*, 557 U.S. at 69 ("Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided.").

Plaintiff argues that the "set of procedures adopted by the Queens County Conviction Integrity Unit to review applications and investigate claims of wrongful conviction claims by plaintiff is inadequate [sic]" in violation of his Fourteenth Amendment rights. ECF No. 1 at 6. However, his only basis for alleging that the state's procedures are unconstitutional appears to be that he has not yet received the documents he requested (although it is unclear when and from whom he requested these documents) and that his C.I.U. application has not yet been adjudicated even though it has been pending for three years. *Id.* The delay that Plaintiff alleges is not sufficient to state a claim that his constitutional rights have been violated because such a delay does not offend a fundamental principle of justice or make the C.I.U.'s procedures fundamentally inadequate to vindicate Plaintiff's rights. *See, e.g., McLean v. Brown*, No. 08-cv-5200, 2010 WL

2609341, at *7–8 (E.D.N.Y. June 25, 2010) (finding that plaintiff could not establish that "New York's post-conviction procedures for accessing documentary evidence are fundamentally unfair" even though plaintiff was "subjected to unfortunate delays in the production of relevant documents"); *Pierre v. City of Rochester*, No. 16-cv-6428, 2018 WL 10072453, at *19 (W.D.N.Y. Sept. 7, 2018) ("The fact that the process [by which Plaintiff used New York's post-conviction procedures to overturn his conviction] took longer than it would have in a more-perfect world . . . does not establish that New York State's procedures are fundamentally inadequate within the meaning of *Osborne*."). Aside from the time that Plaintiff's application to the C.I.U. has been pending, Plaintiff states no other grounds to support his contention that his rights have been violated. As Plaintiff has failed to state a claim against Defendant Katz for violating his post-conviction due process rights, the claims against her are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

## **CONCLUSION**

Plaintiff's motion to proceed IFP is granted for purposes of this Order. However, for the foregoing reasons, his claims are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore IFP status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
November 3, 2023

9